Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

JUN 1 3 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-241-JMH

DINO PEREZ                                                                                          PETITIONER

VS:          **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS, ET AL.                                          RESPONDENTS

Dino Perez, an individual incarcerated in the Federal Medical Center (FCI) in Lexington, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and a motion to proceed *in forma pauperis*.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).[1]

CLAIMS

The petitioner challenges his conviction and sentence on several grounds.

ALLEGATIONS IN THE PETITION

The petitioner's factual and legal allegations are presented on a commonly used petition form and pages attached thereto. Record No. 1.

The petitioner gives no relevant dates, stating only that he was convicted of possession to

---

[1] This is a *pro se* action and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

distribute marijuana, in the United States District Court for the District of South Carolina, Case No. 7:02-1100. He claims that "not understanding English," he was not fully aware of what was happening to him. After pleading guilty and prior to his sentencing, counsel purportedly told him that he would be sentenced to 24 months, according to the United States Sentencing Guidelines. Instead, the petitioner was sentenced to 121 months. He states that he did not appeal.

On the foregoing facts, the petitioner argues, his conviction and sentence are illegal because his counsel gave ineffective assistance; his guilty plea was coerced; the indictment was defective; and his sentence violates recent Supreme Court law, including *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker* (2005). Further, he alleges that he is innocent of the charges on which he stands convicted and sentenced.

## DISCUSSION

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

A district court in the district of a prisoner's confinement may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241 only if he can demonstrate that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71. In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the United States Court of Appeals for the Sixth Circuit has set

2

forth the circumstances in which a §2255 motion is truly "inadequate and ineffective."

In *Charles*, the Sixth Circuit ruled that letting the statute of limitations run on a §2255 motion or having been denied permission to file a successive motion will not meet the standard of rendering the §2255 remedy "inadequate" or "ineffective." *Charles*, 180 F3d at 757. Moreover, the Court noted that the burden is on the petitioner to demonstrate the inadequacy or ineffectiveness of a §2255 motion as a threshold matter. *Id.* at 756. Petitioner Charles failed to carry that burden.

In the later *Martin v. Perez* case, the appellate court proceeded similarly, first tracing the petitioner's unsuccessful efforts to get a claim, based on a newly decided High Court opinion, *Jones v. United States*, 529 U.S. 848 (2000), heard via a §2255 motion to the trial court. Petitioner Martin's efforts culminated with his finally submitting an application to the appropriate appellate court for permission to bring the claim in a successive §2255 motion and the appellate court's denying the request. At that point, Martin's remedy by §2255 was truly barred.

The *Martin* Court next examined the nature of the claim, which was based on the recent *Jones* opinion, wherein the Supreme Court held that a conviction under the federal arson statute requires a nexus between the defendant's conduct and interstate commerce. The Sixth Circuit concluded that if the facts were as Petitioner Martin had stated, "then Martin is correct in his claim that he is factually innocent of violation of the arson statute." 319 F.3d at 804. Therefore, the Court adopted a second prerequisite for a §2241 court to entertain §2255 claims, *i.e.*, actual innocence of a federal crime under an intervening Supreme Court opinion interpreting the criminal statute. Petitioner Martin having met both requisites, the matter was remanded for the district court to hear the merits of his claim about the lack of a nexus, under its §2241 jurisdiction. *Id.* at 805.

In the case *sub judice,* the petitioner has utterly failed to present either requisite justifying this Court's intrusion into trial court matters. Petitioner Perez has not demonstrated that §2255 was or is inadequate. Unlike Petitioner Martin, this petitioner does not demonstrate that he brought a §2255 motion prior to a Supreme Court case interpreting applicable law and that after that decision, he was denied permission to bring the new claim to the trial court in a second or successive motion. In fact, the instant petitioner does not state that he has ever used or tried to use the avenue created in 28 U.S.C. §2255. How then can it be determined to be inadequate or ineffective?

As the Sixth Circuit noted in *Charles*, the only claimants who were permitted to bring their claims of innocence via a §2241 petition had no way by which to raise their claims when, in 1995, the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm, and many convicted under a preceding definition, *e.g.* possession = use, were actually innocent of violating the statute. *Bailey v. United States*, 516 U.S. 137 (1995). Similarly, in *Martin*, the Court noted that the petitioner had been denied his request to bring his claim of innocence under the later *Jones* case in a successive §2255 motion. In contrast, the instant petitioner has had years of opportunities to raise several of the instant claims.

Nor does the instant petitioner meet the second prerequisite for using §2241 to reach §2255/trial court issues, *i.e.*, he has not made a claim that he is actually innocent of criminal conduct under a newly-decided Supreme Court case. Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment. See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999) ("[I]t is unclear whether and to what extent a petitioner can show actual innocence in relation to his claims that challenge imposition of his sentence"); and *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir.

4

2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"). The instant petitioner's claims are actually legal ones.

This Court concludes that the instant petitioner has failed to meet the threshold burden of demonstrating that his remedy by §2255 motion is inadequate or ineffective to bring a claim that he is actually innocent of criminal conduct as the criminal statute has been interpreted since his conviction. Therefore, this Court cannot hear his claims under its 28 U.S.C. §2241 jurisdiction. The petition must be denied and this case dismissed. This Court will not permit a federal prisoner to circumvent the trial court or a §2255 limitations problem by filing a 28 U.S.C. §2241 petition which calls into question the validity of a conviction or sentence. *See also Valona v. United States*, 138 F.3d 693 (7th Cir. 1998) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The petitioner's motion to proceed *in forma pauperis* [Record No. 2] is **GRANTED**.

(2) Dino Perez's petition for writ of habeas corpus is **DENIED**, the action is **DISMISSED**, and a separate Judgment shall be entered contemporaneously herewith.

This 13th day of June, 2005.

JOSEPH M. HOOD, CHIEF JUDGE

Date of entry and service:

5